Dear Mr. Smith:
On behalf of the Calcasieu Parish Police Jury, you have requested an Attorney General's Opinion on several issues surrounding the creation of hospital service districts pursuant to La. R.S. 46:1059. Your request indicates that the Calcasieu Parish Police Jury has in the past created two hospital districts, one serving the City of Lake Charles and the other serving West Calcasieu Parish.
Notwithstanding, representatives from the local health care community have presented a petition to the Calcasieu Parish Police Jury, endorsed by twenty-five members of the public, requesting that the police jury create a parish wide hospital service district. Your request seeks guidance on the following points:
 1) If Calcasieu Parish has already created two existing hospital service districts, is it required by La. R.S. 46:1059 to create a parish-wide hospital service district upon petition of twenty-five landowners in Calcasieu Parish?
 2) If La. R.S. 46:1059 does require the Parish to create a parish-wide hospital service district, would it exclude from its boundary the existing hospital service districts in the Parish or would the parish wide district overlap the two existing districts?
 3) If La. R.S. 46:1059 requires creation of a parish wide hospital service district on petition, what are the taxing rules or limitations of the newly created parish-wide hospital service district vis-À-vis the existing two hospital service districts?
In addressing your first question, attention must be given to the specific language of La. R.S. 46:1059. La. R.S. 46:1059 provides the following:
 § 1059. Petition for organization of district
 Upon failure or refusal of the police jury of any parish to organize a hospital service district, they are hereby required to and shall form such district when petitioned to so do upon petition presented to the police jury, signed by not less than twenty-five persons owning or assessed for lands in said districts. In presenting such petition to the police jury, such petition shall set forth substantially the boundaries of the district which is proposed to be organized.
Under the general rules of statutory interpretation, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Louisiana Civil Code Article 9.
A plain reading of La. R.S. 46:1059 reveals no obligation to organize a "parish-wide" hospital service district. The police jury's obligation to create a hospital service district is specifically conditioned upon (1) the police jury's "failure or refusal" to voluntarily create such a district and (2) the presentation of a petition endorsed by twenty-five persons owning or assessed lands in said district. Whether these two conditions have been satisfied, requiring the Calcasieu Parish Police Jury to organize an additional hospital service district, is a factual determination this Office refrains from conducting.
Nevertheless, based upon the language of La. R.S. 46:1059, it is the opinion of this Office that the Calcasieu Parish Parish Police Jury is under no duty or obligation to create a "parish-wide" hospital service district. Having answered your first question in the negative, your remaining two questions are now moot.
We trust this adequately responds to your request. If you should any questions, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt